**McDONALD'S CORPORATION, as successor in interest of Franchise Realty Interstate Corporation, Plaintiff,**

v.

**2502 8TH AVENUE CORPORATION, Defendant.**

No. 95 CV 4948 (BDP).

United States District Court,
S.D. New York.

April 2, 1996.

Keane & Beane, White Plains, NY, for Plaintiff.

Rosenman & Colin, New York City, for Defendant.

## MEMORANDUM DECISION and ORDER

PARKER, District Judge.

This action for declaratory judgment is before this Court on defendant's motion to dismiss or abstain from the exercise of diversity jurisdiction pending adjudication of a parallel state court action, and plaintiff's cross-motion to stay the state court proceeding. The sole issue in this case is whether plaintiff timely executed a lease option.

Defendant 2502 8th Avenue Corporation ("2502") is the owner and lessor of premises at 3543 Broadway in New York City ("the premises"). On November 1, 1973, plaintiff's predecessor in interest, Franchise Realty Interstate Corporation ("FRIC"), and 2502 entered a lease agreement for the premises, which provided for an original term of twenty-one years, with an option to extend the lease for a period of two additional ten-year terms. In July 1979, FRIC was merged into McDonald's Corporation, who succeeded to its rights and obligations under the lease agreement.

According to the lease agreement, McDonald's was required to give 2502 written notice of its intention to exercise the option at least ninety days prior to the expiration of the term of the lease. McDonald's notified 2502 on March 7, 1995 that it intended to exercise its option. The parties dispute when in 1973 the lease commenced. Thus, 2502 claims that under the 90-day provision, McDonald's was required to notify it by March 2, 1995. McDonald's claims, however, that it had until July 16, 1995.

■ McDonald's commenced this diversity action for a declaratory judgment on June 28, 1995. 2502 filed a summary proceeding in Civil Court of the City of New York on July 28, 1995. 2502 argues that this action should be stayed or dismissed in light of its action in Civil Court. To support this argument, it relies on *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

*Wilton v. Seven Falls Co.*, —— U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), however, renders *Colorado River* inapposite to this case. *Wilton* held that the discretionary standard set forth in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), not the *Colorado River* "exceptional circumstances" test, governs a district court's decision to stay a declaratory judgment action during the pendency of parallel state court proceedings. *See Wilton*, —— U.S. at ——, 115 S.Ct. at 2142; *Youell v. Exxon Corp.*, 74 F.3d 373, 375–76 (2d Cir. 1996).

*Brillhart* discussed a district court's discretion with respect to actions for declaratory judgment:

[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1175–76. In considering whether to proceed, *Brillhart* directed a district court to ascertain "whether the questions in controversy between the parties to the federal suit, ... which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1176. *Brillhart* explained that "[t]his may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there ... [,] whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amendable to process in that proceeding." *Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1176.

■ Here, the controversy can better be settled in the proceeding pending in the state court. The Housing Part of the Civil Court is specifically designated under local law to resolve expeditiously this classic landlord-tenant dispute. *See* New York City Civil Court Act § 110. All the issues raised by McDonald's can be and are routinely determined by the Civil Court. *See* New York Real Property Actions and Proceedings Law, Art. 7.

Accordingly, because the questions in controversy can be better settled in the proceeding pending in the state court, defendant's motion to dismiss this action without prejudice and with leave to renew following conclusion of the state court action is granted, and plaintiff's cross-motion to stay the state court action is denied.

SO ORDERED.