**Deborah J. KERNS, Plaintiff–Appellant,**

v.

**BENEFIT TRUST LIFE INSURANCE COMPANY; William L. Meyer, Defendants–Appellees.**

No. 92–2227.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1993.

Decided May 6, 1993.

Rehearing and Rehearing En Banc Denied June 14, 1993.

Fairfax Jones, St. Louis, MO, argued (Brian H. May, St. Louis, MO, on the brief), for plaintiff-appellant.

Keith A. Rabenberg, St. Louis, MO, argued (Clark H. Cole, on the brief), for defendant-appellee Benefit Trust Life Ins. Co.

William L. Meyer, pro se.

Before LOKEN and HANSEN, Circuit Judges, and VAN SICKLE,* Senior District Judge.

LOKEN, Circuit Judge.

After her husband Michael committed suicide, Deborah J. Kerns filed a claim for accidental death benefits with Benefit Trust Life Insurance Company ("Benefit Trust") under its group life insurance policy issued to Michael's employer, M.S. Kerns Investments, Inc. ("MSKI"). The claim was denied because the policy had lapsed for nonpayment of premiums. Kerns then commenced this action against Benefit Trust and insurance broker William L. Meyer, alleging that their failure to inform her of the lapse and of an offer of reinstatement breached their fiduciary duties under the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. §§ 1001 *et seq.* The district court[1] granted summary judgment to Benefit Trust and entered judgment for Meyer after a bench trial. *Kerns v. Benefit Trust Life Ins. Co.,* 790 F.Supp. 1456 (E.D.Mo.1992). Concluding that neither Benefit Trust nor Meyer was an ERISA fiduciary with respect to the functions at issue, we affirm.

## I.

Michael Kerns was president of MSKI. Meyer was an independent broker who shared office space and was touted as one of MSKI's team of professionals. In mid–1987, Michael asked Meyer to obtain group insurance for MSKI's employees. Meyer submitted an application to Benefit Trust which he signed as "president of the insurance division" of MSKI. In September 1987, Benefit Trust issued group life and health policies to MSKI as employer-insured.

The policies required MSKI to pay monthly premiums, with a thirty-one day grace period for late payments. In November 1987 and again in January 1988, MSKI failed to pay premiums before the end of the grace period. On each occasion, Benefit Trust offered to reinstate the policies without lapse if the past-due premiums were paid by the end of the following month. MSKI paid the premiums and the policies remained in effect.

Michael committed suicide on May 4, 1988. On that date, MSKI's April premiums to Benefit Trust were unpaid and the grace period had just expired. On May 9, Meyer wrote to MSKI employees notifying them that MSKI's health insurance terminated effective May 1.[2] Meyer testified that there was no one left at MSKI to authorize such an employee communication, so he did it out of courtesy to the MSKI employees who were concerned about their insurance coverage. Meyer did not send this notice to Kerns, though he had told her that there was no insurance when Kerns, a lawyer, visited Meyer with two of her law partners a few days after Michael's death.

On May 19, Benefit Trust sent MSKI its standard letter offering to reinstate the policies without lapse if the overdue premiums were paid by the end of May. The letter was addressed to MSKI at its office address, but was directed to Debbie Castiglioni, Meyer's secretary. Meyer did not inform MSKI employees or Kerns of this reinstatement offer. No additional premiums were paid, and on June 1 Benefit Trust sent MSKI a notice cancelling the policies effective May 1, 1988. MSKI ceased operations and its assets were subsequently purchased by another company.

In June, Kerns filed a claim for accidental death benefits, which Benefit Trust denied because the policy had terminated prior to Michael's death. Kerns then commenced this action, claiming that Benefit Trust and Meyer breached their fiduciary duties by failing to notify her of the offer of reinstatement so that she could pay past-due premiums and preserve coverage for her claim.

The district court granted summary judgment to Benefit Trust on the grounds that it was not an ERISA fiduciary, that it had no

---

\* The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. The notice advised employees of certain automatic health insurance conversion privileges available to them by reason of federal law, which may explain why the notice focused on the group health policy but not the group life policy.

duty to notify Kerns of MSKI's failure to pay premiums, and that Meyer was not its agent regarding these events. After a two-day bench trial of Kerns's claim against Meyer, the district court found that Meyer was an independent contractor who received no benefit from and exercised no discretion with respect to MSKI's ERISA plan. Though Meyer assisted MSKI employees with claim forms and answered questions about their health insurance, he had no authority to pay insurance premiums for MSKI. Based upon these findings, the court entered judgment for Meyer on the grounds that he was not an ERISA fiduciary and in any event had no duty to notify Kerns of MSKI's failure to pay premiums.

## II.

Kerns is seeking to recover from ERISA fiduciaries the life insurance benefits she lost because the policy lapsed. Thus, Kerns must establish that either Benefit Trust or Meyer was a fiduciary. ERISA provides that the written plan instrument should identify "one or more named fiduciaries." 29 U.S.C. § 1102(a)(1). The statute also provides that any other person

> is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or ... disposition of its assets ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Because MSKI had no written plan and no named fiduciaries, Kerns must prove that Benefit Trust or Meyer was a fiduciary under § 1002(21)(A). This is significant because a § 1002(21)(A) fiduciary is "liable only 'to the extent' he exercises discretionary control, renders investment advice, or has discretionary administration responsibility." *Martin v. Feilen*, 965 F.2d 660, 669 (8th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 979, 122 L.Ed.2d 133 (1993).

### A. Benefit Trust.

■ MSKI purchased group insurance policies under which Benefit Trust performed the claims processing function. Numerous district court decisions have held, with little or no analysis, that group insurers with the discretion to grant or deny benefit claims are ERISA fiduciaries. *See, e.g., McManus v. Travelers Health Network of Texas*, 742 F.Supp. 377, 382 (W.D.Tex.1990); *Benvenuto v. Connecticut Gen. Life Ins. Co.*, 643 F.Supp. 87, 90–91 (D.N.J.1986). Relying upon these cases, Kerns argues that, "Benefit Trust was a fiduciary with respect to the entire plan." We disagree.

■ 1. We reject the principle that an insurance company becomes an ERISA fiduciary merely because it handles claims under an employer's group policy. One essential statutory responsibility of an ERISA fiduciary is to "discharge his duties with respect to a plan *solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of ... providing benefits* to participants and their beneficiaries." 29 U.S.C. § 1104(a)(1) (emphasis added). Although insurers have long had an obligation under state law to process claims fairly, they have not traditionally stood in a fiduciary relationship with claimants and beneficiaries. An insurer has a contractual obligation to pay valid claims, but neither state law nor common sense suggests that the insurer performs its claims function "for the exclusive purpose of providing benefits." Thus, the notion that an insurer's contractual obligations under the policy make it an ERISA fiduciary does not fit the plain language of the statute.

Of course, when insurance is purchased to fund all or part of an employer's ERISA plan, either the plan or the insurance policy may create fiduciary obligations for the insurer, such as the role of plan administrator. In addition, within the claims process, the Department of Labor's regulations require that the plan permit a claimant to appeal a denied claim "to an appropriate named fiduciary or to a person designated by such fiduciary"; when an insurance company performs this review function, it "shall be the 'appropriate named fiduciary' for purposes of this section." 29 C.F.R. § 2560.503–1(g). But in this case, Benefit Trust did nothing more than perform its normal contractual claims handling function under a group policy

that was part of MSKI's ERISA plan. We conclude that an insurer that performs this limited function is not "a fiduciary with respect to a plan" under § 1002(21)(A). *See Consolidated Beef Indus., Inc. v. New York Life Ins. Co.*, 949 F.2d 960, 965 (8th Cir.1991) (insurance company selling annuity products not an ERISA fiduciary), *cert. denied,* —— U.S. ——, 112 S.Ct. 1670, 118 L.Ed.2d 390 (1992); *American Fed'n of Unions Local 102 Health & Welfare Fund v. Equitable Life Assur. Soc'y*, 841 F.2d 658, 664–65 (5th Cir. 1988); *Quigley v. Unum Life Ins. Co.*, 688 F.Supp. 80, 83 (D.Mass.1988), *aff'd,* 887 F.2d 258 (1st Cir.1989).

■ 2. Fiduciary status under § 1002(21)(A) is not "an all-or-nothing concept. . . . [A] court must ask whether a person is a fiduciary with respect to the particular activity in question." *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1051, 122 L.Ed.2d 359 (1993); *see Leigh v. Engle*, 727 F.2d 113, 133 (7th Cir.1984). Even if Benefit Trust was an ERISA fiduciary with respect to claims handling, we agree with the district court that it was not a fiduciary with respect to the functions at issue in this case—participant and beneficiary notification, premium payment, and policy lapse and reinstatement.

ERISA imposes substantial disclosure requirements on plan administrators. *See* 29 U.S.C. § 1021(a); 29 C.F.R. Part 2520, Subpart F. Reflecting this statutory scheme, prior cases have consistently held that an insurer who is not the plan administrator has no ERISA fiduciary duty to notify plan participants and beneficiaries, unless the policy documents or the insurer's past practices have created an obligation to communicate directly with them. *See Maxa v. John Alden Life Ins. Co.*, 972 F.2d 980 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1048, 122 L.Ed.2d 357 (1993); *Coleman,* 969 F.2d at 60–62; *Tregoning v. American Community Mut. Ins. Co.*, 815 F.Supp. 1054 (W.D.Mich.1992). In this case, MSKI was by operation of law the

plan administrator. *See* 29 U.S.C. § 1002(16)(A)(ii). Nothing in Benefit Trust's policy documents imposed any obligation to communicate directly with MSKI's participants and beneficiaries regarding premiums, policy lapses, and reinstatement. And there is no evidence that Benefit Trust had previously undertaken to perform the disclosure and notification functions which ERISA imposed upon MSKI as plan administrator.

Kerns argues that Benefit Trust exercised discretion in offering policy reinstatement and was therefore a fiduciary with respect to that offer. There are two flaws to this argument. First, when Benefit Trust offered reinstatement, it acted not as an ERISA fiduciary, but as an insurance vendor making a business decision to retain a slow-paying customer. *See Coleman,* 969 F.2d at 58. "Simply urging the purchase of its products does not make an insurance company an ERISA fiduciary with respect to those products." *American Fed'n of Unions Local 102 Health & Welfare Fund,* 841 F.2d at 664. Second, proving that the offer of reinstatement was the discretionary act of a § 1002(21)(A) fiduciary would not impose on Benefit Trust the separate duty of deciding whether to notify participants and beneficiaries of the offer—that is the plan administrator's function.[3]

For the foregoing reasons, after applying our customary de novo standard of review, we affirm the district court's grant of summary judgment to Benefit Trust.

## B. Meyer.

■ Like Benefit Trust, Meyer was neither a named fiduciary nor the administrator of MSKI's plan. The district court found that Meyer did not exercise discretionary authority with respect to managing the plan or disposing of its assets. Kerns contends that, "Meyer became a fiduciary with regard to the notification of nonpayment of premiums" when he sent the May 9 letter to MSKI's employees.

Persons who provide professional services to plan administrators "are not ERISA fiduciaries unless they 'transcend the normal

---

3. As the district court noted, no case has imposed upon any ERISA fiduciary the duty to advise a non-employee claimant of the employer's failure to fund a plan. We do not address this issue.

**218**

role' and exercise discretionary authority." *Feilen*, 965 F.2d at 669 (citation omitted); *see Anoka Orthopaedic Assoc., P.A. v. Lechner*, 910 F.2d 514, 517 (8th Cir.1990). More specifically, a person who prepares "employee communications material ... within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary." 29 C.F.R. § 2509.-75–8 D–2.

The May 9 letter, written on MSKI letterhead, informed employees that their "current health insurance coverage will be terminating as of May 1, 1988," and advised them to acquire other coverage. The district court found that all of Meyer's plan-related functions, including the May 9 letter, "were merely ministerial." 790 F.Supp. at 1461. That finding is consistent with the above-quoted regulation, and Kerns does not argue that it is clearly erroneous. Although there is evidence suggesting that Meyer may have assumed discretionary responsibility with respect to MSKI's plan after Michael Kerns's death, that evidence falls well short of establishing that Meyer became an ERISA fiduciary as a matter of law.

Thus, the district court's conclusion that Meyer was not a fiduciary is well-grounded in fact and must be affirmed. In addition, even if Meyer had exercised plan-related discretion in sending the May 9 letter to participants in MSKI's health insurance program, we agree with the district court that this alone would not have imposed a duty to notify Kerns, a non-employee beneficiary, about Benefit Life's offer to reinstate the separate life insurance policy.

Our conclusion that neither Benefit Trust nor Meyer was an ERISA fiduciary moots the other issues argued by Kerns on appeal. The judgment of the district court is affirmed. All requests for attorney's fees and sanctions are denied.