United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1797

_____

| | |
|---|---|
| The Prudential Insurance Company of America, | * |
| | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| John Doe, Individually and as parent and guardian ad litem for Jane Doe, a minor, | * |
| | * |
| | * |
| | * |
| Appellee. | * |

_____

No. 97-1955

_____

Appeals from the United States
District Court for the
Eastern District of Missouri.

| | |
|---|---|
| The Prudential Insurance Company of America, | * |
| | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| John Doe, Individually and as parent and guardian ad litem for Jane Doe, a minor, | * |
| | * |
| | * |
| | * |
| Appellant. | * |

_____

Submitted:  January 13, 1998

Filed:  April 6, 1997
_____

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT and WOLLMAN, Circuit
      Judges.

_____

WOLLMAN, Circuit Judge.

The Prudential Insurance Company of America (Prudential) appeals the district court's order dismissing Count II of its second amended complaint.  John Doe and Jane Doe[1] appeal the district court's grant of summary judgment on Count I of that complaint.  We reverse the district court's dismissal of Count II and remand for further proceedings; we affirm the order granting summary judgment on Count I.

## I.

John Doe is an attorney who resides in St. Louis, Missouri, and is a partner in a Belleville, Illinois, law firm.  In 1993, Doe's firm contracted with Prudential for group insurance, which included managed medical coverage.  The contract includes a choice of law provision that designated Illinois law as the law governing the contract, as well as a provision that limits benefits to 30 days for hospital inpatient stays for "mental, psychoneurotic and personality disorders, alcoholism and drug abuse."

In April 1994, Doe claimed benefits for Jane Doe, his minor daughter, for hospitalization for recurrent major affective disorder.  Prudential, relying on the

_____

[1]Fictitious names for the defendants.

limitation, denied hospital inpatient benefits for care and treatment of Jane Doe beyond 30 days. Doe sought review of the denial through Prudential's Southwest Group Operations Regional Appeal Committee, which upheld the original denial of the claim.

Upon transmittal of the committee's decision in June of 1994, Prudential immediately filed this action in the United States District Court for the Eastern District of Missouri pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1332(a)(3), and the Declaratory Judgment Act, 28 U.S.C. § 2201. Prudential sought a declaratory judgment regarding the benefits, if any, due the Does under the plan. The district court initially dismissed the complaint for lack of subject matter jurisdiction. We reversed the dismissal and remanded the matter to the district court. See The Prudential Ins. Co. of America v. Doe, 76 F.3d 206 (8th Cir. 1996).

Meanwhile, in March of 1995, the Does filed an action against Prudential in Illinois state court alleging invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, and violation of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 Ill. Comp. Stat. 110/1 et seq. Prudential then filed a second amended and supplemental complaint setting forth a second count, which alleged that (1) all of the claims asserted by the Does in the Illinois action were preempted by ERISA; (2) all of the claims asserted by the Does in the Illinois action were mandatory counterclaims in the federal action; (3) the filing of the federal action in a federal district court by Prudential was absolutely privileged and could not give rise to any state law liability; and (4) the Illinois Mental Health and Developmental Disabilities Confidentiality Act has no extraterritorial effect and the filing the federal action in a federal court in Missouri did not violate the act.

Prudential moved for summary judgment on both counts. The Does alternatively moved to dismiss, abstain, stay, or transfer both counts. As indicated above, the

district court granted Prudential's motion for summary judgment on Count I and the Does' motion to dismiss Count II.

## II.

We deal first with Prudential's appeal from the dismissal of Count II. Citing Texas Employers' Ins. Ass'n v. Jackson, 862 F.2d 491 (5th Cir. 1988) (en banc), the district court held that the declaratory judgment sought by Prudential in Count II would have the effect of enjoining the further prosecution of the Illinois action and would thus violate the Anti-Injunction Act, 28 U.S.C. § 2283.[2] This is a question of law that we review de novo. See Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).

In Jackson, a workman filed a suit in state court after being injured during the course of employment covered by the Longshore and Harbor Workers' Compensation Act (LHWCA). 862 F.2d at 493. See generally 33 U.S.C. §§ 901-950. The workman filed the suit against his employer's LHWCA insurer, alleging fraud and bad faith. See Jackson, 862 F.2d at 493. Nearly one year later, the insurer sought declaratory relief in federal court, seeking *inter alia*, a declaratory judgment that the LHWCA preempted the workman's state law claims. See id. at 495-96. The Fifth Circuit held that the insurer's declaratory relief was barred by the Anti-Injunction Act, reasoning that since an injunction would be barred by the Anti-Injunction Act, the issuance of a declaratory judgment that would have essentially the same effect as an injunction is similarly barred. See id. at 506.

We conclude that the rationale of Jackson does not foreclose Prudential's declaratory judgment action. First, in contrast to the situation in Jackson, it is

---

[2]28 U.S.C. § 2283 provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

significant that Prudential, the declaratory plaintiff in this action, was the first litigant to file suit. The Fifth Circuit recognized this significance in Royal Ins. Co. of America v. Quinn-L Capital Corp., 3 F.3d 877, 886 (5th Cir. 1993). After concluding that Jackson represented a novel type of abstention, the Quinn-L court noted that "in some cases the date on which the state court suit was filed can make a difference in the application of the abstention doctrine." Id. at 886. The court concluded that a federal court need not abstain from proceeding with a declaratory judgment action "where the federal suit is filed substantially prior to any state suits, significant proceedings have taken place in the federal suit, and the federal suit has neither the purpose nor the effect of overturning a previous state court ruling." Id. We believe that the present case falls squarely within the class of actions just described. Indeed, had the district court not dismissed the case for want of jurisdiction, the merits of Count I might well have been decided before the filing of the Illinois action.

Second, the Supreme Court's decision in Wilton v. Seven Falls Co., 115 S. Ct. 2137 (1995), vests the district courts with broad discretion in deciding whether to hear a declaratory judgment action. In Wilton, the Supreme Court confronted the question whether the "exceptional circumstances" test expressed in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818-820 (1976), and Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 14 (1983), is applicable to a district court's decision to stay or dismiss a Declaratory Judgment Act suit during the pendency of a parallel state court proceeding. The Court, rejecting the exceptional circumstances standard and invoking the discretionary standard set forth in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), held that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton, 115 S. Ct. at 2140.

We conclude that it was within the district court's discretion to proceed to hear and adjudicate Prudential's action. There remains Prudential's argument that

abstention by the district court would constitute an abuse of discretion in this case in light of the abstention criteria set forth in <u>Federated Rural Elec. Ins. Corp v. Arkansas Elec. Coop. Inc.</u>, 48 F.3d 294, 297 (8th Cir. 1995).  <u>Federated Rural Elec.</u> was decided prior to <u>Wilton</u>, however, and applied the exceptional circumstances test of <u>Colorado River</u> and <u>Moses H. Cone</u>, a test that <u>Wilton</u> makes clear does not control in declaratory judgment actions.  "Distinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of <u>Colorado River</u> and <u>Moses H. Cone</u>."  <u>Wilton</u>, 115 S. Ct. at 2142.  Thus, <u>Wilton</u> requires application of the <u>Brillhart</u> factors to the abstention question in this case.  <u>See Wilton</u>, 115 S. Ct. at 2142 ("[n]o subsequent case, in our view, has called into question the application of the <u>Brillhart</u> standard to the <u>Brillhart</u> facts."); <u>Government Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) ("[t]he Brillhart factors remain the philosophic touchstone for the district court."); <u>Youell v. Exxon Corp.</u>, 74 F.3d 373, 375 (2nd Cir. 1996) (per curiam).

Accordingly, on remand the district court should examine the "scope of the pending state court proceeding" and consider "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." <u>Brillhart</u>, 316 U.S. at 495.

## III.

Turning to the Does' cross-appeal, we first address their argument that the district court lacked subject matter jurisdiction to consider Prudential's allegations.  <u>See</u> <u>Bannister v. Sorenson</u> 103 F.3d 632, 636 (8th Cir. 1996).  The types of actions that may be brought under ERISA, as well as the parties who may bring them, are carefully defined in 29 U.S.C. § 1132(a).  Relevant portions provide a "participant, beneficiary, or fiduciary" with "appropriate equitable relief" to enforce  provisions of the terms of

the plan. Id. at § 1132(a)(3)(B)(ii). The Does argue that Prudential is not a "fiduciary," as defined by ERISA, and therefore cannot bring this declaratory judgment action under its auspices.

ERISA defines a fiduciary as one who either "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or . . . has any discretionary authority or discretionary responsibility in the administration of such plan." Id. at § 1002(21)(A). The Does contend that our interpretation of the fiduciary definition in Kerns v. Benefit Trust Life Ins. Co., 992 F.2d 214 (8th Cir. 1993), warrants a finding that Prudential is not a fiduciary. We disagree. Unlike the insurer in Kerns, who "did nothing more than perform its normal contractual claims handling function," Prudential's obligations and involvement in handling the Does' claims include substantial discretion. Id. at 216. It is undisputed that Prudential alone interpreted the language of the plan and reviewed and decided the Does' claim at every level, including a final internal appeal to Prudential's Southwest Group Operations Regional Appeal Committee. As we noted in Kerns, Department of Labor regulations view insurers as fiduciaries when they retain discretion to review denied claims. See id. (citing 29 C.F.R. § 2560.503-1(g)). Prudential is thus a fiduciary as defined by ERISA, and the district court had subject matter jurisdiction to consider this action.

The Does next argue that the district court abused its discretion when it entertained Prudential's declaratory judgment action under Count I. Again, Brillhart provides the analytical framework for determining the propriety of granting declaratory relief. 316 U.S. at 495. Under Brillhart, we must examine the scope of the Illinois action and consider whether abstention would prejudice the Does' ability to adjudicate their claims, join parties, and serve process on parties and witnesses. See id. Initially, the federal character of Count I supports denial of abstention under Brillhart. Likewise, the limited scope of the Illinois action warrants federal consideration of Prudential's ERISA-based claims. We find it significant that the Does have made no claims for

ERISA benefits in the Illinois action, while in this action Prudential seeks interpretation of Jane Doe's employee benefit welfare plan under ERISA. Moreover, we conclude that the Does will not be prejudiced by this action. Although they argue that Prudential's filing was an improper use of the declaratory judgment to seek a favorable forum, a number of legitimate justifications support the district court's decision.

We are mindful of the general proposition that declaratory judgments are not to be used defensively to deny a prospective plaintiff's choice of forums. See Anghoff, 58 F.3d at 1270; BASF Corp. v. Symington, 50 F.3d 555, 558 (8th Cir. 1995); Dizol, 133 F.3d at 1225. But labeling Prudential's actions as forum shopping would be engaging in speculation. Insurers commonly use declaratory judgment actions to determine coverage questions, while simultaneously avoiding exposure to substantial bad faith damages. See Grace M. Giesel, The Expanded Discretion of Lower Courts to Regulate Access to the Federal Courts after Wilton v. Seven Falls Co.: Declaratory Judgment Actions and Implications Far Beyond, 33 HOUS. L. REV. 393, 401-02 & n.32 (1996). Prudential was justified in seeking declaratory relief in the only forum in which Jane Doe was subject to personal jurisdiction. Furthermore, the Does' failure to assert any claim for benefits in the Illinois action gives the lie to their assertion that they were denied their choice of forum. Accordingly, we conclude that the district court properly exercised its discretion when it decided to proceed with Count I.

The Does contend that the district court erred when it granted Prudential summary judgment on the merits of its claim under Count I. We review the district court's decision de novo, applying the same standard as the district court, affirming if the facts, viewed in the light most favorable to the nonmoving party, show no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See Johnston v. Warren County Fair Ass'n, Inc., 110 F.3d 36, 38 (8th Cir. 1997). Among the errors alleged, the Does contend that the district court reviewed Prudential's denial of benefits for abuse of discretion, rather than de novo, as required under Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Because we

conclude that the district court's decision was correct under either standard, we need not consider this argument.

The Does' principal assignment of error lies in the district court's decision to apply Eighth Circuit precedent to the issue of benefit denial, rather than Illinois common law as agreed in the benefit plan contract. They argue that the plan's choice of law provisions require us to apply the reasoning of Phillips v. Lincoln Nat. Life Ins. Co., 978 F.2d 302 (7th Cir. 1992). The Phillips court, adopting the Illinois state law rule of contract interpretation contra preferentem, held that ERISA employee benefit plan language that limited coverage for "mental illness" should be construed in favor of the insured. See id. at 311. Prudential argues that our decision in Brewer v. Lincoln Nat. Life Ins. Co., 921 F.2d 150 (8th Cir 1990), controls and that our holding in Brewer supports the district court's grant of summary judgment. We agree.

Although the Does characterize the Phillips decision as a controlling statement of Illinois common law, it is really a statement of ERISA federal common law for the Seventh Circuit. Brewer states the law applicable in the Eighth Circuit and holds "that [the contra preferentem] rule of construction violates the provisions of ERISA and thus cannot be used to interpret the plan's terms." Id. The choice of law provision in the contract does not alter the outcome here, for parties may not contract to choose state law as the governing law of an ERISA-governed benefit plan. Although choice of law provisions may be relevant in a diversity action, we are required to apply federal common law when deciding federal questions. See Robbins v. Iowa Road Builders Co., 828 F.2d 1348, 1352-53 (8th Cir. 1987); see also Erie v. Tompkins, 304 U.S. 64, 78 (1938). In light of the broad preemptive scope of ERISA, see Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-39 (1990); Brewer, 921 F.2d at 153, the question of coverage for Jane Doe's treatment is clearly one of federal law.

In Brewer, we held that the term "mental illness" should be considered from a layperson's reading and is therefore not ambiguous and that the plaintiff's affective

mood disorder, regardless of the cause, was what a layperson could consider a "mental illness." 921 F.2d at 153-54. So also here, Prudential's limitation of coverage for "mental, psychoneurotic and personality disorders" is unambiguous and is applicable to the treatment of Jane Doe's major affective disorder.

The order dismissing Count II is reversed, and the case is remanded to the district court for further proceedings on that portion of Prudential's complaint. The order granting summary judgment in favor of Prudential on Count I is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-10-