46 F.Supp.2d 925 (1999)
PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,
v.
John DOE, individually and as parent and guardian ad litem for Jane Doe, a minor, Defendants.
No. 4: 94 CV 1153 DDN.
United States District Court, E.D. Missouri, Eastern Division.
March 31, 1999.
*926 A.G. Edwards and Sons, St. Louis, MO, Richard J. Pautler, Thompson Coburn, St. Louis, MO, for plaintiff.
John M. Hessel, Partner, Ronald A. Norwood, Sr., Lewis and Rice, St. Louis, MO, for defendants.
NOCE, United States Magistrate Judge.

MEMORANDUM
This action is before the court on the renewed motion of plaintiff Prudential Insurance Company of America (Prudential) for summary judgment (Doc. No. 60), and on the motion of defendants John and Jane *927 Doe[1] for dismissal (Doc. No. 63). The undersigned United States Magistrate Judge has jurisdiction over this action by consent of the parties. 28 U.S.C. § 636(c).

I. Procedural History.
Plaintiff Prudential began this action as a single count, declaratory judgment action for a declaration of its duties under certain provisions of the policy of a group health insurance plan (the Plan) controlled by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. The policy was purchased by defendant John Doe's law firm, where Doe was the principal owner and senior partner. Doe's daughter, defendant Jane Doe, suffered a psychiatric illness which led to her inpatient treatment. After 30 days of such treatment, plaintiff, as fiduciary of the Plan, denied further payment, pursuant to the limiting language of the policy. Doe administratively appealed the decision, but the denial was upheld. Shortly thereafter, Prudential filed an action in this court, seeking a declaratory judgment upholding its exclusive right to make the determination on payment of benefits.
After initially dismissing the case on the grounds that John Doe was an employer and thus not a statutory beneficiary, this court reexamined the matter upon remand from the Court of Appeals. By then, defendants had filed their own cause of action against Prudential in Illinois circuit court, alleging various state law violations of their privacy rights and infliction of emotional distress. Accordingly, on remand, Prudential filed an amended complaint which included a second count, asking this court to rule that the Does' state law claims were preempted under federal law and to exercise summary judgment against the claims. The court sustained plaintiff's first, original count, ruling that Prudential was entitled to summary judgment on the issue of its right to deny coverage; however, the court dismissed plaintiff's second count regarding the claims of the Does, holding that, again for jurisdictional reasons, the court was without authority to rule on the merits of Count II.
On appeal, Count I was affirmed and Count II remanded. Prudential Insurance Company of America v. Doe, 140 F.3d 785 (8th Cir.1998) (Doe II). The Court of Appeals held that this court was possessed of appropriate jurisdictional authority to rule Count II, but the determination of whether to exercise that authority vel non, was a matter for the discretion of this court in the first instance. The relevant mandate from the Appeals Court stated
[T]he district court should examine the "scope of the pending state court proceeding" and consider "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) [as explained in Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)].
Doe II, 140 F.3d at 789 (8th Cir.1998) These are the issues that are now before the court.

II. The Illinois Proceeding.
Defendants, along with defendant John Doe's wife (and mother of Jane Doe), referred to herein as Mrs. John Doe, filed a 20 count judicial action in the circuit court of St. Clair County, Illinois, Cause No. 95 L 386, alleging claims for relief against Prudential, the law firm representing it, and two of the individual attorneys of that law firm. These claims invoke Illinois state law and are as follows:

*928 Counts 1, 6, and 11 for violation of privacy: Plaintiffs allege that defendants commenced the instant action by filing a federal judicial complaint which stated the Does' true names and other private information.
Counts 2, 7, and 12 for intentional infliction of emotional distress: Plaintiffs allege that defendants attempted to contact Jane Doe, a minor, directly, while hospitalized, to discuss payment of her medical bills; that Prudential instructed the hospital to prematurely discharge Jane and stop giving her treatment; and that Prudential commenced the instant action disclosing private information in the complaint.
Counts 3, 8, and 13 for negligent infliction of emotional distress: Plaintiffs allege facts similar to Counts 1 and 2. Counts 4, 9, 14, and 19 for defamation: Plaintiffs allege that defendants commenced the instant action, disclosing the identities of the Does and stating false facts about them in the judicial complaint.
Counts 5, 10, 15, and 20 for violation of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 Ill.Comp.Stat. 110/1 et seq.: Plaintiffs allege that defendants violated the Illinois act by commencing the instant federal judicial action and by disclosing confidential medical information in the complaint.
Counts 6, 11, and 16 for invasion of privacy: Plaintiffs allege that the defendants commenced the instant judicial action, disclosing the Does' true names and private facts.
Counts 7, 12, and 17 for infliction of emotional distress: Plaintiffs allege that the defendants commenced this judicial action and, in doing so, stated the Does' true names and private facts.
Counts 8, 13, and 18 for negligent infliction of emotional distress: Plaintiffs allege that the defendants commenced this judicial action and, in doing so, stated the Does' true names and private facts.
See Complaint, Appendix A, to Plaintiff's Second Amended and Supplemental Complaint for Declaratory Judgment, filed March 10, 1996. Nowhere in the Illinois state court complaint do the plaintiffs allege that the decision of Prudential denying the claimed benefits violated ERISA.
Plaintiff seeks summary judgment and costs to be borne by defendants. Plaintiff asserts that under the remand mandate of the Court of Appeals, this court must base its determination of whether to exercise its jurisdiction on the federal nature of the claims. Plaintiff argues that the Illinois claims are in fact wholly federal: they are preempted under ERISA, 29 U.S.C. § 1144, because they "relate to" the administration of the Plan; they involve the "federal law of privilege" regarding the filing of plaintiff's federal complaint; and they are compulsory counterclaims under Fed.R .Civ.P. 13(a). Plaintiff argues that this Court would abuse its discretion if it declined to hear and decide these issues.
Defendants argue that these claims are not preempted, since they do not seek recovery of benefits under the Plan, but simply state claims under Illinois law. Defendants argue that the appropriate analysis on remand favors abstention by the court, through either dismissal of Count II, or a stay of proceedings until conclusion of the Illinois litigation. Specifically, defendants argue that the scope of the Illinois proceeding is broad enough to encompass all of the issues raised in plaintiff's declaratory action; and all the Illinois claims may be adjudicated as to all joined parties, whereas a ruling from this court on Count II would unfairly affect Mrs. John Doe, who is a party only to the state action. Moreover, defendants argue, plaintiff is free to raise ERISA and other federal law defenses in the Illinois court.
This court must decide the question of whether to exercise its jurisdiction over Count II, or abstain in favor of the Illinois state court proceedings. If the court determines to abstain, it may dismiss the *929 action, or stay the action pending resolution of the Illinois proceedings. It is clear that the court must base its determination on the Brillhart abstention doctrine, i.e., the factors set forth in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), as explained by the Supreme Court in Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). This doctrine applies to actions under the Declaratory Judgment Act, 28 U.S.C. § 2201.
The Court of Appeals has established that Prudential is an ERISA fiduciary, Doe II, 140 F.3d at 790, thus establishing jurisdiction, and that the second part of the declaratory judgment action may be acted on by this court in its discretion. Nevertheless, the factors provided in Brillhart require that the court examine the nature of the claims at issue, an examination which itself requires some consideration of the subject-matter jurisdiction the court would otherwise have over these claims.
The parties dispute the nature of the claims pending in the Illinois action. Defendants argue that they are strictly matters of state law, most appropriately decided by the state court. Plaintiff argues that they are actually federal, because they are preempted by ERISA, and subject to the exclusive federal law thereof. Moreover, plaintiff asserts, several issues related to the defense of these claims implicate important federal questions, and contribute towards a finding of this Court as the more appropriate forum.

III. Brillhart Abstention.
The Supreme Court in Brillhart held that the district court must, in the first instance, decide whether to accept or abstain from an action brought under the Declaratory Judgment Act when there are parallel state proceedings underway.
The Brillhart abstention doctrine operates to allow district courts to avoid indulging in "gratuitous interference" where there is pending in state court another suit involving the same parties and "presenting opportunity for ventilation of the same state law issues...." Wilton, 515 U.S. at 283, 290, 115 S.Ct. 2137. Further,
Although Brillhart did not set out an exclusive list of factors governing the district court's exercise of this discretion, it did provide some useful guidance in that regard. The Court indicated, for example, that in deciding whether to enter a stay, a district court should examine "the scope of the pending state court proceeding and the nature of defenses open there." Ibid. This inquiry, in turn, entails consideration of "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Ibid. Other cases, the Court noted, might shed light on additional factors governing a district court's decision to stay or to dismiss a declaratory judgment action at the outset.
Id., at 282-83, 115 S.Ct. 2137.
A district court must "ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can be better settled in the proceeding pending in state court...." Brillhart, 316 U.S. at 495, 62 S.Ct. 1173. While the presence of federal issues or lack of parallelism in the state action may limit the court's discretion, Wilton, 515 U.S. at 290, 115 S.Ct. 2137, abstention is more appropriate where state law issues predominate.
The Eighth Circuit has held that the decision to abstain does not avail itself of a strict rule of law, but is based on the circumstances, controlled by the trial court's discretion. Aetna Cas. and Surety Co. v. Jefferson Trust and Savings Bank of Peoria, 993 F.2d 1364 (8th Cir.1993). The Eighth Circuit has further held that where the crux of the litigation lies in the application of a state statute, the district court was within its "unique and substantial *930 discretion" to abstain and allow the state courts to pronounce on constitutional challenges to the state statute. Horne v. Firemen's Retirement System of St. Louis, 69 F.3d 233, 236 (8th Cir.1995).
In Int'l Assoc. of Entrepreneurs of America v. Angoff, 58 F.3d 1266 (8th Cir. 1995), the Eighth Circuit cautioned that a sequence of events wherein a party sues in state court and the defending party subsequently asks for declaratory judgment on the same matters "alerts us to be on guard." Id. at 1270. "The Declaratory Judgment Act is not to be used either for tactical advantage by litigants or to open a new portal of entry to federal courts for suits that are essentially defensive or reactive to state actions." Id. "More specifically, the Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action." Id. In Angoff, abstention was favored after the declaratory judgment plaintiff had tried and failed to remove the state case, and was held to be attempting to improperly gain access to federal court.
In the case at bar, the court sees no such suggestion of impropriety on the part of Prudential. After all, the parties were already properly before this court for an adjudication of plaintiff's right to deny Plan benefits when Count II was brought. However, it is nevertheless true that the Illinois action was brought without reference to, or the request for, Plan benefits, and Prudential added Count II as a "defensive" measure. Prudential's own arguments in favor of the exercise of jurisdiction support this: absent ERISA preemption, plaintiff argues that its defenses are uniquely federal and should be judged by a federal court.
This must be balanced against the teaching of BASF Corp. v. Symington, 50 F.3d 555, 557 (8th Cir.1995), where the Court of Appeals held that, for abstention analysis,[2] a court should look carefully to ensure that a state-court plaintiff was not being wrongfully denied his choice of forum; however, there is "no blanket prohibition on raising affirmative defenses by declaratory action." Id. at 558. Nevertheless, "where a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue." Id. at 559. Additionally, the court held that the factors of who filed first, and which case has made more progress, are not dispositive. Id.
The Second Circuit, in a per curiam opinion from a panel including Eighth Circuit Judge Heaney, held that while Brillhart abstention should particularly be considered when a federal court is asked to "pronounce independently on state law," the court should retain the action if it is "[t]o resolve novel questions of federal law." Youell v. Exxon Corp., 74 F.3d 373, 376 (2nd Cir.1996). However, the court cautioned that "it is not our function to find our way through a maze of [state] statutes and decisions." Id. The Fifth Circuit has stated that "[Brillhart] abstention from a declaratory judgment is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute." Southwind Aviation, Inc. v. Bergen Aviation, Inc., 23 F.3d 948, 950 (5th Cir.1994).
The question becomes simply in which pending action can the issues in controversy be better settled. See McDonald's Corp. v. 2502 8th Ave. Corp., 920 F.Supp. 67, 69 (S.D.N.Y.1996).
With these precedents, and mindful of the fact-intensive nature of the abstention determination, the court sets forth the arguments under the Brillhart factors, following the example of Cortez v. CMG *931 Worldwide Inc., 962 F.Supp. 308, 312 (N.D.N.Y.1997):
1. The scope of the pending state court action and the nature of the defenses open there. The scope of the Illinois state court action is limited on its face to questions of state law. Whether or not these can be construed as federal claims, under ERISA preemption, is a relevant issue, because if they can, the questions before the court are essentially federal, and if not, they are essentially issues of state law. In the event ERISA is not triggered by the state claims, any federal defenses thereto are available to Prudential in state court. See Angoff, 58 F.3d at 1269. The determination of ERISA preemption of state claims is governed in this circuit by the test set forth in Arkansas Blue Cross and Blue Shield v. St. Mary's Hospital, Inc., 947 F.2d 1341 (8th Cir.1991), further described in Wilson v. Zoellner, 114 F.3d 713, 717 (8th Cir.1997). The analysis of that test is set out below.
2. Whether the claims of all parties in interest can satisfactorily be adjudicated in the state proceeding. There is no argument between the parties over the Illinois court's jurisdiction and authority to adjudicate the claims before it. There is, pursuant to factor (3) below, an issue regarding state plaintiff Mrs. Doe and state defendant-attorneys, who are not present in the action before this court. That aside, however, the Circuit Court of St. Clair County can hear and resolve all the issues whether they be held preempted (and thus governed by federal law) or not.
3. Whether necessary parties have been joined in the state proceeding. Prudential and the Does agree that Mrs. Doe and several attorney defendants are not present in this action, and that any ruling from this Court is not res judicata as to them. However, they dispute the significance of these missing parties.
Plaintiff argues Mrs. Doe would suffer no prejudice by this Court's assertion of jurisdiction. Either (a) if defendants were to win on the merits in this Court, Mrs. Doe's interests would be vindicated; or (b) if summary judgment were granted to plaintiff, Mrs. Doe could still litigate her part of the claims in Illinois since this Court's ruling would not be binding on her. Plaintiff does point out that, if the Does were to lose in this court, the attorney defendants in the Illinois action would assert a collateral estoppel defense; and plaintiff believes that the meritless nature of the Illinois action would cause Mrs. Doe to abandon her claims in any event, so that ultimately the inconvenience of being unable to resolve this matter entirely under federal court jurisdiction would be slight.
Defendants argue, by contrast, that this factor weighs heavily in favor of abstention. The plain fact is that not all the necessary parties are before this court. Defendants further argue that for this court to deny abstention, an important reason would be that it found in favor of preemption, and preemption should not be applied to the extent that it would affect "outside parties." In Home Health, Inc. v. The Prudential Insurance Co. of America, 101 F.3d 600, 605 (8th Cir.1996).
4. Whether all parties are amenable to process in the state proceeding. Plaintiff argues that not all the parties have been properly served in the state proceeding, although it provides no further information. Defendants do not discuss this assertion, and the Court has no other details before it. Plaintiff does not dispute, however, that the state court has jurisdiction over the parties and the controversy. Thus, the Court considers this factor to be satisfied in favor of the state court.
The Eighth Circuit affirmed this court's exercise of jurisdiction on Count I, stating, "the federal character of Count I supports" it. Doe II, 140 F.3d at 790. Plaintiff argues that "Count II is at least as federal as Count I." Pl.Mem. at 5. This is only true if ERISA preempts the Illinois claims or if the federal defenses create a substantial federal question.
*932 Defendants argue that plaintiff's focus on the "federal nature" of the Illinois state court claims is inadequate to establish this court as the more appropriate forum, because the Illinois court has concurrent jurisdiction to hear and decide matters of federal law. "ERISA nowhere makes federal courts the exclusive forum for deciding the ERISA status vel non of a plan or fiduciary. Unless instructed otherwise by Congress, state and federal courts have equal power to decide federal questions." Angoff, 58 F.3d at 1269.
In addition to the issue of ERISA preemption, plaintiffs point to three other "federal issues" whose presence weighs in favor of this Court over the Illinois court:
(a) whether the Does Illinois claims are actually compulsory counterclaims under Fed.R.Civ.P. 13(a);
(b) whether federal law provides a privilege of access to the federal courts so that filing a federal lawsuit cannot be actionable under state law [the court notes that the question here is more accurately whether federal law provides a privilege protecting a party from liability relating to the contents of its filings in federal court]; and
(c) whether Illinois may, under the Constitution of the United States, give extraterritorial effect to the Illinois Mental Health and Developmental Disabilities Confidentiality Act so that filing a federal claim in Missouri against residents of Missouri can give rise to an action under Illinois law.
Plaintiff admits that these issues could be decided by a state court; but the real question, plaintiff asserts, is which court is better suited to resolve them. "The United States District Court, both because of its greater familiarity with federal law and because of its national rather than local perspective, is better suited to resolve these issues." Pl.Mem. in Opp. at 4.
Plaintiff argues that Brillhart itself dealt with arguments over strictly state law. The Brillhart Court considered that it would be uneconomical and vexatious for the federal court to proceed when the parallel state case presented the same issues, not governed by federal law. Accordingly, argues plaintiff, this abstention proposition does not apply when the issues in the state case are governed by federal law. Such an argument may be reasonably made, but it requires, again, a finding of preemption or else federal law does not govern.
Plaintiff, however, suggests that the Eighth Circuit has already conducted a Brillhart analysis, in Doe II, when it agreed with this Court's exercise of jurisdiction over Count I, noting that Count's "federal character." Doe II, 140 F.3d at 790. This court cannot characterize this as a Brillhart analysis. Inasmuch as there was no doubt that, once the status of the parties was made clear, ERISA controlled the determination of Count I. Count I was manifestly a matter of federal concern and there was never any abstention issue surrounding Count I, and Brillhart had no application.
Plaintiff argues that defendants' reliance on Angoff and Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir. 1991), for the proposition that there is a presumption favoring the state court proceeding, is misplaced. This federal action was filed before the Illinois action, whereas in the preceding cases, the declaratory judgment action was filed after the state proceeding. Plaintiff argues that those cases just specify the more general rule that first filed takes precedence. Thus, the presumption should be in favor of this federal action. The Does should have, says plaintiff, filed their claims as counterclaims in this original declaratory judgment action. Not doing so was wasteful of judicial resources. Furthermore, argues plaintiff, in Doe II the Eighth Circuit said as much:
[A] federal court need not abstain from proceeding with a declaratory judgment action `where federal suit filed substantially prior to any state suits, significant proceedings have taken place in the federal *933 suit, and the federal suit has neither the purpose nor the effect of overturning a previous state court ruling' ... We believe that the present case falls squarely within the class of actions just described.
140 F.3d at 788. Plaintiff also points out that this case is ripe for summary judgment and thereby figures again in favor of assertion of jurisdiction. Seemingly arguing the impropriety of proceeding with this matter in Illinois, plaintiff accepts this Court's ability to pronounce on significant, untested areas of Illinois law,[3] but simultaneously argues that the "federal nature" of the claims makes it "ludicrous" to permit the Illinois court to resolve them.
These arguments are not persuasive. The "first filed" argument, not dispositive in any event, is much eroded by the simple fact that Count II was filed defensively to the Illinois litigation, notwithstanding the then-pending ERISA benefit action of Count I. Certainly defendants could have filed their Illinois action as a counterclaim, but that would entirely defeat their point of claiming injuries suffered unrelated to the receipt of Plan benefits. And the fact that one (arguably unrelated) count of a two-count action has been settled in federal court does not constitute "significant proceedings" having taken place parallel to the state action. This Count is "ripe for summary judgment" only in the sense that plaintiff has claimed preemption without an ERISA remedy. The question here is not whether there is a presumption in favor of one forum or the other; the question is which forum is more appropriate under the circumstances, in the discretionary determination of this court.
Plaintiff argues for the "federal nature" of the claims set forth in the Illinois action. The "federal nature" concept is bi-fold: (1), federal law preemption of the state claims, and (2), federal law defenses to the claims. If ERISA does not preempt the claims, then plaintiff's arguments for this court's exercise of jurisdiction rest on the federal law defenses to the state law claims. If ERISA does not govern, the proceedings in state court would appear to be more appropriate for the full ventilation of the state law claims.

IV. ERISA Preemption.

(A) Scope.
ERISA § 514(a), 29 U.S.C. § 1144(a), provides:
Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.
Jurisprudential examination of ERISA, particularly the aforementioned phrase "relate to," has provoked a broad horizon of opinions which attest to the difficulty of the task. The Eighth Circuit has recently referred to it as "the Gordian knot." The Prudential Ins. Co. of America v. National Park Medical Center, Inc., 154 F.3d 812, 818 (8th Cir.1998) (National Park). State laws are preempted by ERISA by either "conflict preemption" or "relate to" preemption. Id., at n. 4. A state law that attempts to regulate in the area already controlled by ERISA is "conflict" preempted in its entirety. Id. None of the Illinois common-law claims of privacy violation, defamation, infliction of distress, nor the MHDDCA statute at issue in Count II appear on their face to regulate any employee health-care benefit plan or other entity covered by ERISA. So the question is: To what extent do the claims made under these causes of action "relate to" the Plan, and are they thereby preempted?
*934 A two-pronged test is used to determine the "relate to" inquiry: a law relates to an ERISA-covered plan if it (1) has a connection with or (2) refers to such a plan. Id. at 819; Wilson v. Zoellner, 114 F.3d 713, 716 (8th Cir.1997)
As described by plaintiff, defendants' factual allegations in the Illinois action are that the acts alleged were taken by Prudential in the furtherance of administration of Plan benefits:
1. Prudential attempted to contact Jane Doe while she was hospitalized.
2. Prudential instructed hospital personnel to discharge Jane Doe prematurely.
3. Prudential disclosed medical information obtained from Jane Doe's care providers to its attorneys, without permission of the Does.
4. Prudential filed this action using the Does' true names.
5. Prudential's original complaint alleged Jane Doe had a mental, psychoneurotic and/or personality disorder.
6. Prudential published the information set forth in the original complaint by filing the action, causing summons to be issued and causing summons to be served.
Plaintiff argues that this simply amounts to a complaint of improper processing of a claim for benefits under the Plan, a complaint clearly preempted under ERISA, citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Such an argument would be correct, if it did not beg the question by presuming what it is trying to prove: that the charges of infliction of emotional distress constitute charges of improper processing of a claim for benefits.
In this regard, plaintiff argues that "there are few propositions in modern law that are as well established" as the proposition that such emotional distress claims are preempted by ERISA, and cites Kuhl v. Lincoln National Health Plan, 999 F.2d 298 (8th Cir.1993), cert. denied, 510 U.S. 1045, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994). It is even correct, as plaintiff argues, that the Seventh Circuit upheld a 1989 sanction of attorneys in Smith v. Blue Cross & Blue Shield of Wisconsin, 959 F.2d 655 (7th Cir.1992), for alleging such damages. However, defendants are not alleging damages as a direct result of the denial of benefits, but from certain other, particular state torts.
ERISA preemption has traditionally been described as "clearly expansive" and "conspicuous for its breadth." Wilson, 114 F.3d at 716. However, a sea change in this analysis was occasioned by New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (Travelers), and several subsequent cases. The Eighth Circuit has held that Travelers arguably changed the "connection with" prong of the preemption test, rather than the "reference to" prong. In National Park, the court held that an Arkansas statute attempting to regulate ERISA-covered plans was preempted. The question of ordinary state law causes of action, and to what extent Travelers limited the previously very broad sweep of ERISA preemption thereof, was left open, the court simply stating that the "refocusing of the preemption inquiry was specifically in the context of the `connection with' prong of the inquiry." National Park, 154 F.3d at 822.
Several helpful opinions from other jurisdictions are instructive. In Tovey v. Prudential Ins. Co. of America, 42 F.Supp.2d 919 (W.D.Mo.1999), Judge Whipple examined claims of negligent misrepresentation and conversion made by a plaintiff in state court against Prudential for having misled her into believing she was enrolled in the Plan when she was not; she was denied benefits after hospitalization. Although most of the analysis in Tovey concerned the subtle problems of removal jurisdiction under certain types of preemption, Judge Whipple held that Tovey's claims were not preempted because, among other reasons, *935 neither of her state law tort claims required any interpretation of any terms of Prudential's health insurance plan. Tovey, at 925. Compare Wilson v. Zoellner, 114 F.3d 713, 717 (8th Cir.1997) ("tort of negligent misrepresentation does not impose requirements by reference to ERISA covered programs") with Pilot Life v. Dedeaux, 481 U.S. 41, 56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (state claims of negligent misrepresentation preempted because of need to reference the terms of the Plan).
Recently, the Supreme Court of Pennsylvania examined this problem, in the case of Pappas v. Asbel, 555 Pa. 342, 724 A.2d 889 (1998). The court pointed to a post-Travelers case, DeBuono v. NYSAILA Medical & Clinical Services Fund, 520 U.S. 806, 117 S.Ct. 1747, 138 L.Ed.2d 21 (1997), to support the proposition that ERISA preemption has been reduced in scope. The court noted the U.S. Supreme Court's language that New York's gross receipts tax on ERISA Plan-owned hospitals was
one of myriad state laws of general applicability that impose some burdens on the administration of ERISA plans but nevertheless do not `relate to' them within the meaning of the governing statute ... Any state tax, or other law, that increases the cost of providing benefits to covered employees will have some effect on the administration of ERISA plans, but that simply cannot mean that every state law with such an effect is preempted by the federal statute.
Asbel, 724 A.2d at 893, quoting DeBuono. Based upon this support, the Pennsylvania Supreme Court went on to hold that "negligence claims against a health maintenance organization do not `relate to' an ERISA plan. As noted by Travelers, Congress did not intend to preempt state laws which govern the provision of safe medical care." Asbel, 724 A.2d at 893. The Court further held that generally applicable negligence laws "have only a tenuous, remote, or peripheral connection with" ERISA plans. Id., at 893.
This approach is consistent with the proposition that ERISA "claims for benefits" are what the statute protects, and other claims must be carefully characterized by the courts before preemption is found. See Jordan, 13 Yale J. on Regulation 255, 307-08, 321-22 (1996).
While Eighth Circuit cases upholding preemption of state tort law claims, e.g., Painter v. Golden Rule Ins. Co., 121 F.3d 436 (8th Cir.1997) (breach of fiduciary duty); Shea v. Esensten, 107 F.3d 625 (8th Cir.1997) (fraudulent misrepresentation); Kuhl v. Lincoln National, 999 F.2d 298 (8th Cir.1993) (emotional distress); appear to support preemption here, they are limited to situations where plaintiffs alleged damages directly caused by the denial of benefits. See, e.g., Kuhl, 999 F.2d at 304; Shea, 107 F.3d at 627. In Shea, the court stated that "Along these lines, we have held that claims of misconduct against the administrator of an employer's health plan fall comfortably within ERISA's broad preemption provision." Id. (emphasis added). Thus, this is not the same as saying that all claims against the Plan administration, unrelated to awarding benefits, are preempted. Moreover, these cases do not refer to the newer and somewhat narrower preemption doctrine of the Travelers cases, as described in National Park.
In the case of In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 605 (8th Cir.1996), the Eighth Circuit has held that negligent misrepresentation claims under state law are not preempted where plaintiff "sued Prudential for damages, not for plan benefits. Any damages would come from Prudential, not from the plan itself." Id. While a key element in that case was plaintiff's position as an independent entity, not acting in its capacity as an assignee, the court went to considerable lengths to discuss the general applicability of the state tort law and plaintiff's lack of a claim for benefits per se. See, e.g., Rice v.. Panchal, 65 F.3d 637, 642-44 *936 (7th Cir.1995); Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 356 (3rd Cir.1995); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 272-73 (2nd Cir.1994).

(B) The Arkansas Blue Cross Test.
The Eighth Circuit's test for helping to determine the ERISA preemption vel non of a state law or a claim under a state law is as follows:
In addressing the effect of a state law on an ERISA plan, this Court has considered a variety of factors, including:
[1] whether the state law negates an ERISA plan provision, [2] whether the state law affects relations between primary ERISA entities, [3] whether the state law impacts the structure of ERISA plans, [4] whether the state law impacts the administration of ERISA plans, [5] whether the state law has an economic impact on ERISA plans, [6] whether preemption of the state law is consistent with other ERISA provisions, and [7] whether the state law is an exercise of traditional state power. Arkansas Blue, 947 F.2d at 1344-45 (citations omitted). In conducting this analysis, "[t]he court must still look to the totality of the state statute's impact on the [ERISA] planboth how many of the factors favor preemption and how heavily each individual factor favors preemption are relevant." Id. at 1345.
Wilson v. Zoellner, 114 F.3d 713, 717 (8th Cir.1997). The factors are "not themselves a magic formula for determining preemption." Bannister v. Sorenson, 103 F.3d 632, 636 (8th Cir.1996).
Factor One: Does the Illinois state law at issue negate a plan provision? No. No benefits are sought, only redress for state torts separately committed by Prudential and its agents. Wilson, 114 F.3d at 718.
Factor Two: Does the claim affect relations between primary ERISA entities or on the structure of the Plan? No, because the Does are not before the Illinois court as ERISA participants or beneficiaries. Memorial Hospital System v. John Hancock Mutual Life Insurance Co., 952 F.Supp. 449 (S.D.Tex.1996). Mrs. John Doe is not a party to the declaratory action nor an ERISA party, but she is a party to the suit in Illinois. Ruling on the state court claims in this court would affect her. Preemption should not be applied to the extent that it would affect non-ERISA parties. In Home Health, 101 F.3d 600.
Factor Three: Will the claims impact the administration of ERISA Plans? No. Defendants do not seek to hold Prudential liable for an exercise of its legal rights, only to hold it liable for torts committed by it. Mackey v. Lanier Collection Agency, 486 U.S. 825, 833, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988).
Factor Four: Will the Illinois court claims have an economic impact on the Plan? Any damages awarded if the Illinois claims are found in favor of the Does are not a result of administering the Plan, but an ordinary cost of doing business in Illinois under its laws. See In Home Health, Inc., 101 F.3d at 605; see also Travelers, 514 U.S. at 659-61, 115 S.Ct. 1671.
Factor Five: Consistency of preemption with other ERISA provisions. The Court cannot say that any provision of ERISA supports or resists preemption here. This factor is, accordingly, neutral.
Factor Six: The exercise of traditional state power. The causes of action alleged in the Illinois litigation appear to involve the traditional police powers of the state over personal and economic relations. See Wilson, 114 F.3d at 719-720. 718.
The court determines that the Illinois state court claims are not preempted by ERISA.

V. Abstention.
Without preemption, this action is confined to matters of state law. To be sure, there are federal law defenses to be had by plaintiff, but all can be raised in, and ruled by, the Illinois court. The factor of the allegedly unconstitutional extraterritoriality of the Illinois Mental Health and *937 Developmental Disabilities Confidentiality Act, argued by plaintiff, favors abstention, because plaintiff's constitutional argument is a defense. Determining authoritatively the appropriate reach and application of a detailed and fairly complex Illinois litigation-regulation statute is the very sort of thing for which abstention is appropriate. The factors of the missing parties also weigh in favor of abstention.
This court and the Illinois state court are empowered and prepared, when appropriate, to decide matters of law under either jurisdiction. Defendants' action alleges only violations of Illinois law. The courts of Illinois are well-equipped to answer questions of federal law where they arise, and are appropriate adjudicators of Illinois claims.
For the reasons provided herein, the court will abstain from this action pursuant to the doctrine of Brillhart. The court will grant the motion of defendants for dismissal rather than stay, since there appears to be no further issue for this court to decide after the resolution of the state claims in the courts of Illinois. The motion of the plaintiff for summary judgment is denied. An appropriate order is issued herewith.

ORDER
In accordance with the Memorandum filed herewith,
IT IS HEREBY ORDERED that the renewed motion of plaintiff Prudential Insurance Company of America for summary judgment (Doc. No. 60) is denied.
IT IS FURTHER ORDERED that the motion of defendants John and Jane Doe for dismissal (Doc. No. 63) is sustained. The action is dismissed without prejudice.
NOTES
[1] The court has adopted pseudonyms to protect the identities of the defendants. See Doc. No. 37.
[2] The BASF court utilized the now-incorrect "extraordinary circumstances" test of the Colorado River abstention doctrine, see Wilton, 515 U.S. at 288, 115 S.Ct. 2137, but the other principles remain the same.
[3] This court has not found any Illinois state court opinion that deals with the question of "extraterritorial" application of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (MHDDCA), invoked in the Illinois case.