United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 05-30589

MARILYN R. LEWIS,

Plaintiff – Appellant,

versus

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant – Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

Before SMITH, WIENER, and STEWART, Circuit Judges

CARL E. STEWART, Circuit Judge[*]:

This case involves a dispute over life insurance proceeds. Plaintiff-Appellant, Marilyn Lewis ("Lewis") claims that she is entitled to one half of Carrol Raymond, Sr.'s ("Raymond") life insurance proceeds. Lewis, Raymond's sister, appeals the district court's dismissal of her suit based on its determination that the decision of the insurance carrier, UNUM Life Insurance Company of America ("UNUM"), that Catherine Raymond ("Catherine"), Raymond's ex-wife, was entitled to 100% of the insurance proceeds was not an abuse of discretion. For the following reasons, we affirm.

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

Lewis sued to recover life insurance benefits under a group life insurance policy issued to Raymond's employer, W-H Energy Services, Inc., the designated plan administrator, as part of an Employee Welfare Benefit Plan under ERISA[1]; Raymond, a yardhand/forklift driver, was a qualified beneficiary under the plan with respect to a group life insurance policy issued by UNUM. The group plan provided a basic life, accidental death and dismemberment benefit of $20,000 and Raymond elected supplemental life insurance coverage for $126,000–three times his annual salary.

Raymond died on January 14, 2001, of a heart attack/heart disease; Catherine was designated as the first beneficiary and was Raymond's ex-wife at the time of the beneficiary designation. The beneficiary designation form listed Catherine as receiving 100% of the insurance benefits and Lewis, whose name appeared below Catherine's, as also receiving 100%. Raymond indicated on the form that if neither Catherine nor Lewis were living or eligible when the insurance proceeds were to be paid out, he wanted 100% of the proceeds to go to his son, Carol Raymond, Jr.

On February 7, 2001, UNUM was contacted regarding a claim for Raymond's life insurance benefits. It subsequently informed Catherine that it was approving the claim for the group life insurance benefits and was depositing $94,640.35 in a security money market account created in the designated beneficiary's name in accordance with the policy provisions. UNUM also explained to Catherine that the remaining benefit of $42,000 was still under review.

On July 5, 2001, UNUM received an unexpected call from Lewis averring that it had been her brother's intention for Catherine and her to split the insurance proceeds. UNUM explained the details of Raymond's beneficiary designation form and told Lewis that Catherine would be the beneficiary

---

[1]The parties stipulate that ERISA governs.

of 100% of the insurance proceeds. On July 13, 2001, UNUM received a letter from counsel representing Lewis demanding payment of benefits. UNUM responded to the letter and enclosed a copy of the policy provisions with respect to changing beneficiaries and explained that Raymond had not changed his beneficiary designation at any time from Catherine to Lewis or expressed an intention for Catherine or Lewis to divide the insurance proceeds. Ultimately, UNUM paid an additional $43,616.19 to Catherine and Lewis filed suit in state court.

Lewis sought to be declared a beneficiary under the group life insurance policy. She claimed entitlement to one-half of the insurance benefits due upon Raymond's death. UNUM removed the case to federal court because the policy at issue is governed by ERISA. Thereafter, the district court issued a ruling in UNUM's favor dismissing Lewis's claims. It held that the plan administrator had made a factual determination and that the plan administrator's decision was not arbitrary or capricious, as there was concrete evidence in the administrative record to support the decision that Lewis is not eligible for benefits under the plan. Accordingly, the district court held that Lewis failed to sustain her burden of proof that she is entitled to relief from UNUM's decision to deny her claim for insurance benefits.

DISCUSSION

A. Standard of Review

We review de novo the district court's determination as to whether the plan administrator abused its discretion in denying a claim of benefits. *Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 343 (5th Cir. 2002). We will accept the factual findings made by the district court underlying its review of the benefit determination unless the district court's findings are clearly erroneous. *Id.*; *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 600-01 (5th Cir. 1994).

An administrator's denial of benefits under an ERISA plan is reviewed de novo, unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe terms of the plan, as we have here.[2] *Lain*, 279 F.3d at 342. In such a case, we review the administrator's actions under the abuse of discretion standard, giving substantial deference to an administrator's decision to deny benefits. *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 295 (5th Cir. 1999) (en banc); *Jordan v. Cameron Iron Works, Inc.*, 900 F.2d 53, 55 (5th Cir. 1990). Accordingly, factual determinations made by the administrator will be reviewed under an abuse of discretion standard and will be rejected only if the court determines the administrator abused its discretion in denying benefits. *Lain,* 279 F.3d at 342; *Meditrust Fin. Serv. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 213 (5th Cir. 1999).

Moreover, since UNUM insures the plan and is also entirely responsible for awarding entitlement to benefits, we employ a "sliding scale" method to determine whether UNUM abused its discretion, identifying factors that support a degree of conflict on UNUM's part. *Lain*, 279 F.3d at 343; *Vega*, 188 F.3d at 296. In doing so, we must analyze whether the plan administrator acted arbitrarily or capriciously by determining whether it made the decision to deny benefits without a rational connection between the known facts and the decision or between the found facts and the evidence. *Lain*, 279 F.3d at 342.

B.     Analysis and Applicable Law

In her first point of error, Lewis explains that W-H Energy Services, as Raymond's employer, delegated the decision making authority to UNUM and, therefore, UNUM owed fiduciary duties to

---

[2]The policy provides, "When making a benefit determination under the Summary of Benefits, UNUM has discretionary authority to determine your eligibility of benefits and to interpret the terms and provisions of the Summary of Benefits."

the plan participants and beneficiaries.[3] Because UNUM failed to provide Raymond with adequate information about his benefit options, specifically, concerning the designation of beneficiaries and instructions on how to complete the beneficiary designation form, Lewis alleges that UNUM breached its fiduciary duty to Raymond and his beneficiaries and states that Raymond was not to blame for the form's resulting ambiguity. Next, Lewis asserts that when viewing the beneficiary designation form in its totality, there is a lack of concrete evidence to support the plan administrator's decision that she is not eligible for benefits under the plan. She states that because her name was not placed in the lower section of the UNUM form–the area reserved for persons designated as beneficiaries if and only if the names of the persons written in the upper section of the form are not living at the time the insurance proceeds become payable–the form clearly indicated that Raymond intended Lewis to be a current, rather than a successive, beneficiary. As such, Lewis explains that UNUM's decision to award the full amount of the life insurance proceeds to Catherine was "arbitrary and capricious, and therefore, an abuse of the Plan Administrator's discretion" because Raymond designated an equal share for both Catherine and Lewis, not 100% to each, but 100% to both. Accordingly, Lewis asserts that she "sustained her burden of proof that she is entitled to relief from UNUM's decision to deny her claim for insurance benefits."

UNUM, on the other hand, argues that the beneficiary designation form completed by Raymond evidenced his intention for 100% of the life insurance proceeds to go to Catherine, not Lewis. UNUM explains that this court should affirm the district court's dismissal, as Lewis has

---

[3]Lewis cites *Prudential Insurance Company of America v. Doe*, 140 F.3d 785, 789-90 (8th Cir. 1998), as support for her assertion that, "[w]here an insurance company had responsibility for interpreting the terms of an insurance contract and had substantial discretion with respect to the decisions involving claims, it has been found to be a fiduciary under ERISA."

offered no factual basis or case law to support her allegations and the administrative record contradicts her contentions. UNUM does not dispute that it acted as a fiduciary with respect to the administration of claims made under the policy; however, it explains that its function was merely to provide benefits. Therefore, UNUM argues that providing benefits under the policy does not confer plan administrator status on it, as the policy makes it clear that the beneficiary designation forms are submitted to the employer. Accordingly, UNUM urges this court to agree with the district court and hold that the district court did not err in determining that UNUM's interpretation of the beneficiary designation form was reasonable.

This court has determined that an administrator's decision to deny benefits must be based on evidence, even if disputable, that clearly supports the basis for its denial. *Vega*, 188 F.3d at 299. Accordingly, we will affirm the administrator's decision only if it is supported by substantial evidence. *Meditrust*, 168 F.3d at 215. "Substantial evidence" is more than a mere scintilla; it is that which a reasonable mind would determine provides enough evidence to support a conclusion. *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 215 (5th Cir. 1996).

A review of the record leads us to conclude that the plan administrator did not abuse its discretion. The evidence in this case supporting UNUM's interpretation of the beneficiary designation form well surpasses a mere scintilla and UNUM's fiduciary responsibilities extended only to those aspects of the employer's employee welfare benefit plan that it controlled (e.g., the administration of life insurance claims asserted by eligible employees and their dependents). *See Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters. Inc.,*793 F.2d 1456, 1459-60 (5th Cir. 1986) (explaining that "[t]he phrase 'to the extent' indicates that a person is a fiduciary only with respect to those aspects of the plan over which he exercises authority or control").

6

UNUM followed the plain language of the beneficiary designation form, which was submitted to the employer. Furthermore, the evidence presented by Lewis is insufficient to support a finding that UNUM undertook additional fiduciary duties; in fact, the administrative record reveals that UNUM claims it did not even receive a copy of Raymond's beneficiary designation form from his employer until after the claim for death benefits was submitted to the employer.

Likewise, the district court did not err in finding UNUM's interpretation of the beneficiary designation form reasonable. The beneficiary designation form, as filled out by Raymond, clearly listed Catherine's name and the figure "100%" above Lewis's name and the figure "100%." UNUM interpreted this entry on Raymond's beneficiary designation form to mean that Lewis would only take the life insurance benefits if Catherine pre-deceased her at the time the insurance proceeds would be paid out, which she did not. As the district court explained, this was a purely factual determination on UNUM's part to "ascertain Mr. Raymond's intention with regard to the way he completed the form. The determination of an insured's intention as to designating his beneficiaries is not a question of law, nor an interpretation of the [p]olicy; it is a finding of fact."

Therefore, applying the clearly erroneous standard of review, we reason that there is no evidence to suggest that the district court clearly erred in determining that UNUM did not abuse its discretion in denying the claims of Lewis. The district court determined that UNUM's decision was supported by "concrete evidence for the interpretation that Mr. Raymond intended that Mrs. Raymond receive 100% of the benefits if she outlived him." As the district court explained, because the beneficiary designation form does not use the words "primary" or "alternative," it would have been reasonable to assume that Raymond wanted Catherine and Lewis to each take one half of the insurance proceeds, except that Raymond did not simply list two names in the primary beneficiary

7

section; he designated percentages for each party. Furthermore, the plain language of the policy states, "It is important that you name a beneficiary and keep your designation current. If more than one beneficiary is named and you do not designate their order or share of payments, the beneficiaries will share equally." As mentioned, Raymond did designate the order and percentage of the benefits. Thus, the determination reached by UNUM was supported by the record and by the beneficiary designation form; the district court did not err when it noted that the existence of another plausible explanation does not affect its reasoning in reaching the outcome in this case.

For the reasons detailed above, we agree with the district court's dismissal of this case: UNUM's interpretation was not an abuse of discretion and the district court did not err in determining that UNUM's interpretation was reasonable in light of the evidence. Therefore, because no evidence exists to prove that the district court's factual finding was clearly erroneous and because the beneficiary designation form supports UNUM's benefit determination, we affirm the district court's decision to dismiss this case,[4] holding that Lewis failed to sustain her burden of proof that she is entitled to the relief she seeks.

CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[4]Specifically, the district court concluded, "The Administrative Record contains concrete evidence supporting the Plan Administrator's decision that Marilyn Lewis is not eligible for benefits under the Plan. As such, the decision was not arbitrary and capricious, and therefore, not an abuse of discretion. For these reasons, Ms. Lewis has not sustained her burden of proof that she is entitled to relief from UNUM's decision to deny her claim for insurance benefits. Her claims will be dismissed with prejudice."