# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60315

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2016

Lyle W. Cayce
Clerk

RIVER CITY CARE CENTER,

Petitioner

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent

Petition for Review from the United States
Department of Health and Human Services Appeals Board
(A-15-5)

Before DAVIS, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

River City Care Center petitions this Court to review an administrative law judge's (ALJ) order sustaining civil money penalties for violating numerous federal regulations in its treatment of a resident. Because substantial evidence supports the ALJ order, we DENY the petition for review.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60315

I.

River City is a nursing facility in San Antonio, Texas. On April 23 at 3:45 a.m., one of its residents complained to the staff about shortness of breath and congestion. In response, a nurse administered oxygen to the Resident in an attempt to alleviate her symptoms. However, before giving the oxygen, the nurse did not contact a physician about the Resident's complaint. At the time, the only physician's order regarding shortness of breath was an instruction to provide nebulizer treatments to the Resident. The Resident had not needed oxygen previously, and so, no standing order for the resident to receive it existed.

Around 11:00 a.m. that same day, the Resident once again complained of shortness of breath to the River City staff. This time, the nurses contacted a physician who ordered a chest x-ray of the resident "stat." The results of the x-ray arrived at roughly 1:30 and revealed that the Resident suffered from a mild pulmonary edema and congestive heart failure. The staff of River City called the physician's office but did not reach him. Rather than try again, the staff left a note for the next shift of nurses to call the physician. They never called.

Later in the afternoon on April 23, River City nurses took the Resident off oxygen to test her room air tolerance; her oxygen levels plummeted. The nurses then re-administered oxygen in an increased amount. They also withheld medication from the Resident, because she seemed lethargic and did not eat. The staff did not contact a physician about either of these changes in treatment.

Thereafter, River City decided that the Resident may need hospice services, hospice evaluated and accepted the resident, but River City did not tell the Resident's family about this change – even though the staff knew that her sister was a family contact. The Resident's sister only learned of the hospice evaluation when she called River City herself. Resident continued to

2

No. 15-60315

receive hospice care until April 27 when she was moved to a hospital by her sister.

The Texas Department of Aging and Disability investigated how River City treated the Resident and determined that it violated numerous federal regulations.[1] CMS agreed with the Department's findings and imposed money penalties against River City totaling $68,950. Specifically, CMS imposed an "immediate jeopardy" penalty of $4050 per day for each day between April 23, 2013 and May 6, 2013.[2] It also assessed a "less than immediate jeopardy" penalty of $250 per day between May 7, 2013 and June 24, 2013.

River City appealed these penalties to an ALJ who sustained them. The ALJ agreed that River City failed to substantially comply with numerous federal regulations. First, River City violated § 483.10(b)(11) when it failed to communicate the significant changes in Resident's condition with her physician and family.[3] Second, River City violated § 483.13(c) when it failed to implement its own policies that required physician and family consultation.[4] River City violated § 483.20(k)(3)(i), because when it administered continuous

---

[1] A nursing facility is required to comply with federal regulations to participate in Medicare. The Centers for Medicare & Medicaid (CMS) use state agencies to investigate compliance with these regulations. Based on "surveys" from the state agency, CMS may impose money penalties for noncompliance. The penalty imposed by CMS depends on the seriousness of the facility's noncompliance. The penalty against the facility will continue until it attains substantial compliance with the regulations. 42 C.F.R. 488 *et seq.* Here, the Department survey for noncompliance ranged from April 23 – when Resident's health began its downturn – until May 6 – when the Department conducted its investigation.

[2] Immediate jeopardy is "a situation in which the provider's noncompliance with one or more requirements of participation has caused, or is likely to cause, serious injury, harm, impairment or death to a resident." 42 C.F.R. § 488.301.

[3] "A facility must immediately inform the resident; consult with the resident's physician; and if known, notify the resident's legal representative or an interested family member when there is. . .a significant change in the resident's physical, mental, or psychosocial status." 42 C.F.R. § 483.10(b)(11).

[4] "The facility must develop and implement written policies and procedures that prohibit mistreatment, neglect, and abuse of residents and misappropriation of resident property." 42 C.F.R. § 483.13(c).

## No. 15-60315

oxygen without a physician's order, it did not use the professional standard of care.[5] Finally, River City violated § 483.25, because it did not provide services for the Resident to attain her highest practicable level of functioning.[6]

After the ALJ's decision, River City appealed to the Appeals Board for the Department of Health and Human Services (DAB). DAB agreed with the ALJ findings and upheld the penalties levied against River City. Now, River City appeals the ALJ and DAB judgments to this Court.[7]

## II.

We review a finding of fact by an administrative agency for substantial evidence.[8] Substantial evidence is deferential to the agency, and it requires only "more than a mere scintilla" of evidence.[9] Stated differently, it only requires sufficient evidence that "a reasonable mind might accept as adequate to support a conclusion."[10]

## III.

River City's argument is two-fold. First, it argues that the evidence does not support the ALJ finding that its treatment violated federal regulations. Second, even if it did violate the regulations, River City asserts that the penalties imposed for its violation are not reasonable. We disagree.

---

[5] "The services provided or arranged by the facility must. . .[m]eet professional standards of quality." 42 C.F.R. § 483.20(k)(3)(i).

[6] "Each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care." 42 C.F.R. 483.25.

[7] *See* 42 U.S.C. § 1320a-7a(e) ("Any person adversely affected by a determination of the [ALJ or DAB] may obtain a review of such determination in the United States Court of Appeals for the circuit in which the person resides, or in which the claim was presented.").

[8] *See* 42 U.S.C. § 1320a-7a(e) ("The findings of the Secretary with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive.").

[9] *Lewis v. UNUM Life Ins. Co. of Am.*, 188 F. App'x 259, 263 (5th Cir. 2006).

[10] *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 215 (5th Cir. 1996).

No. 15-60315

Substantial evidence supports the ALJ's finding that River City was not in substantial compliance with federal regulations. Despite River City's main argument that the Resident suffered no significant change in condition, she had extensive respiratory problems that previously did not exist. Before April 23, Resident did not need oxygen; after April 23, she did. She had shortness of brief, no longer ate, and appeared lethargic. Moreover, the x-ray results revealed a new diagnosis that had not previously existed – congestive heart failure.

Despite the obvious change in Resident's condition, the River City staff did not immediately notify her family. Similarly, the River City staff did not consult with a physician on the Resident's symptoms and how they should be treated. Instead, the staff acted on its own to begin oxygen treatments and reduce her medications. Therefore, as articulated by the ALJ, River City's actions did not conform to numerous federal regulations.

Also, the penalties imposed on River City are not unreasonable. Reasonableness is assessed through statutory factors, including: seriousness of the offense, financial condition of the facility, the facility's degree of culpability, and any history of non-compliance by the facility.[11] River City offered little argument as to how the penalty was unreasonable other than to dispute the underlying factual basis for the federal regulatory violations. Moreover, given the extensive and pervasive failure of River City to consult with physicians and the Resident's family on significant changes in her condition, the amount of the penalty was not unreasonable.

IV.

For these reasons, we DENY the petition to review the decision of the Appeals Board for the Department of Health and Human Services.

---

[11] 42 C.F.R. § 488.438(f)(1)-(4).